1    OSCAR LEE OLIVE, IV. (Plaintiff)
     101 N Ocean Drive. Suite 132
2    Hollywood, FL 33019
     (850) 319-9023
3    oscar.l.olive@gmail.com
     Plaintiff, In Pro Per
4

FILED

2019 AUG 20 PM 1:50

M. L. HATCHER, CLK
U.S. BANKRUPTCY COURT
W.D. OF WA AT SEATTLE

BY_____ DEP. CLK.

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON – SEATTLE DIVISION

| | |
|---|---|
| In re:<br><br>**Hayley Marie Robinson**<br><br>       **Debtor**<br><br>---<br><br>**OSCAR LEE OLIVE, IV.**<br><br>     **Plaintiff,**<br><br>     **vs.**<br><br>**HAYLEY MARIE ROBINSON, an individual**<br>     **Defendant** | Case. No:   2:19-bk-11724-MLB<br><br>Adv. No.<br><br>Hon:  Marc Barreca<br><br>Chapter 7<br><br>**PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(6); and for DENIAL OF DISCHARGE.**<br><br><u>Status Conference:</u><br>Date:     To Be Set by Summons<br>Time:    To Be Set by Summons<br>Location:   United States Bankruptcy Court<br>           Courtroom 7106<br>           700 Stewart St. 7th Floor<br>           Seattle, Washington 98101 |

**TO THE HONORABLE MARC BARRECA, FEDERAL BANKRUPTCY JUDGE, AND TO DEBTOR HAYLEY MARIE ROBINSON AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:**

1

Plaintiff and Creditor OSCAR LEE OLIVE, IV. (hereinafter "OLIVE") as an unsecured creditor to the bankruptcy estate of HAYLEY MARIE ROBINSON (hereinafter "ROBINSON") case No. 2:19-bk-11724-MLB holding an unsecured and contingent debt in the amount of $1,500,000.00 as set forth in ROBINSON'S petition, Section 4.2, respectfully represents and alleges with his Complaint seeking non-discharge of Debtor ROBINSON's debt owed to Plaintiff OLIVE pursuant to 11 U.S.C. § 523(a)(6) as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, 11 U.S.C. § 105, and 11 U.S.C. § 523, and Local Rules and Orders of the United States Bankruptcy Court for the Western District of Washington governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157.

3. Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

4. This Adversary Proceeding arises out of and relates to the Chapter 7 bankruptcy case of *In re Hayley Marie Robinson,* Case No. 2:19-bk-11724-MLB, on the docket of this Court. The Debtor/Defendant's bankruptcy case was commenced by the filing of a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, on May 7, 2019.

5. Plaintiff is an unsecured creditor with a claim against the Debtor's Bankruptcy Estate in an amount of at least $1,500,000.00 as set forth in the Debtor's Petition (Section 4.2) relating to a willful and malicious injury currently subject to adjudication in the United States District Court for the Western District of Washington at Seattle, Case No. 2:18-CV-00862-BAT (*OSCAR LEE OLIVE, IV v. HAYLEY MARIE ROBINSON, et al*) (the "District Court Action"). This matter was stayed as to Defendant ROBINSON only due to the filing of her bankruptcy petition. OLIVE will seek relief from the Section 362 Stay within the month as an Order of Default was entered by the District Court for Robinson's co-defendant's failure to comply with the District Court's discovery orders.

6. The Debtor Defendant's mailing address from the Court's Docket is: Ms. Hayley Marie Robinson 487 Westerly Road #102 Bellingham, WA 98226

**STATEMENT OF STANDING.**

7.     The Plaintiff, as a creditor of the Debtor's bankruptcy estate, has standing to prosecute this Adversary Proceeding under 11 U.S.C. § 523 *et seq.*

**GENERAL ALLEGATIONS.**

8.     Plaintiff OLIVE is informed and thereon believes and alleges the following facts to justify that his claim of approximately $1,500,000.00 not including additional costs, attorneys' fees and any and all pre-petition interest, against the Debtor/Defendant ROBINSON that may apply, shall be deemed non-dischargeable under Section 523(a)(6) of the Bankruptcy Code.

**FACTUAL ALLEGATIONS.**

9.     Plaintiff OLIVE, is an individual currently living in Broward County, Florida ("OLIVE"). During the events relevant to this Complaint, Plaintiff was a resident at 3355 Southern Ave., Suitland, Maryland 20746 in Prince George's County.

10.    Defendant Hayley Marie Robison ("ROBINSON") is an individual residing in Whatcom County at 487 Westerly Rd #102, Bellingham, WA 98226.

11.    Justus Kepel ("Kepel") is an individual residing in Snohomish County at 5104 93rd Pl SW, Mukilteo, Washington 98275.

12.    Kiersten Alexandra Klag ("Klag") is a resident of Westchester, West Virginia.

13.    The true names and capacities of DOES 1 through 20 are presently unknown to Plaintiff and when they become known, Plaintiff will amend this Complaint by identifying the true names and capacities of the Doe defendants herein sued as fictitious Doe defendants; Plaintiff is informed and believes and on such information and belief alleges that each of said Defendants is responsible to Plaintiff in some actionable manner as set forth herein.

14.    On or around June 1, 2016 Plaintiff paid for Defendant ROBINSON and her boyfriend, Kepel, to travel to Suitland, Maryland, to work a modeling photo shoot pursuant to a written agreement entered into between Plaintiff and Robinson in or about May 2016.

15.    On or around July 3, 2016 Plaintiff, and Defendant ROBINSON and Kepel, were at Plaintiff's Maryland residence with another model, Klag.  While at Plaintiff's house/home studio Robinson and Kepel demanded that Plaintiff pay them more money for the modeling photo shoot.

1   Plaintiff declined. Defendant ROBINSON and Kepel grew angry when Plaintiff informed them, that

2   pursuant to their agreement, all costs, including the costs paid by Plaintiff for the Defendants' airline

3   tickets, would be deducted from Robinson's pay. Defendant ROBINSON and Kepel stated they

4   "would get even" with Plaintiff and intended to cause him personal harm. Defendants demands

5   continued through July 6, 2016.

6       16.    On or around July 11, 2016, in retaliation for Plaintiff not giving ROBINSON more money,

7   additional professional services and a better contract, Defendant ROBINSON falsely stated on

8   Facebook that Plaintiff had sexually assaulted Klag on the night of July 3, 2016. Defendant Robinson

9   also made false factual statements that Plaintiff had engaged in theft, stealing money from the models.

10   Defendant ROBINSON and Kepel knew the statements made against Plaintiff were false as they were

11   present at all times during the night of July 3, 2016 and would later admit they knowingly fabricated

12   their statements and campaign intending to injure Plaintiff personally. ROBINSON had stated she

13   intended to cause Plaintiff OLIVE personal harm on websites and other social media.

14       17.    On or around July 5, 2016 through August 30, 2016 Defendant ROBINSON and Kepel

15   continued their campaign to extort money and/or services and a more lucrative contract from Plaintiff.

16   Defendants stated they were publishing the false factual statements against Plaintiff to extort more

17   money, services and a new modeling contract. However, Plaintiff refused to give in to Defendant

18   Robinson's demands.

19       18.    During this period, on or about July 5, 2016 through August 2016, Kepel aided and abetted

20   Defendant Robinson by allowing Robinson to use his Facebook account as Robinson's account had

21   been shut down by Facebook over her postings, to assist Robinson and republishing Robinson's known

22   defamatory postings. Defendant Kepel knew his girlfriend's, Robinson's, statements were false, yet

23   Kepel gave substantial assistance and/or encouraged Robinson to engage in making false factual

24   statements concerning Plaintiff personally and against him professionally.

25       19.    On or around November 1, 2016, Robinson admitted she had intentionally lied and

26   misinformed third parties that she had made the false factual statements against Plaintiff in his personal

27   and professional capacity intentionally to cause OLIVE personal and professional injury.

28       20.    On or about November 2, 2016, ROBINSON again on admitted on Facebook that her

4

ADVERSARY COMPLAINT TO DETERMINE NON-DISCHARGEABILITY

1  published statements of and concerning Plaintiff and the false claims of sexual misconduct and theft
2  were intended to injure Plaintiff OLIVE.

3    21.    Defendant ROBINSON posted written and video nine times on various social media
4  platforms accusing OLIVE of sexual assault, being a pervert, sexual predator, and manipulator along
5  with other outrageous terms, intending to injury OLIVE.

6    22.    ROBINSON'S postings were admittedly intended to expose Plaintiff to hatred, contempt,
7  ridicule or obloquy, to deprive him of the benefit of public confidence or social intercourse, or to injure
8  him personally and professionally.

9    23.    ROBINSON'S outrageous conduct and false factual statements were viewed by hundreds
10  of individuals, many in the photography and modeling business in which Plaintiff had established a
11  substantial business and secondary income and career. Defendant ROBINSON'S posting was seen by
12  Plaintiff's clients and his employer, which caused Plaintiff's termination. Plaintiff's termination caused
13  him to suffer a loss of income, pension, benefits, and loss of future income. Plaintiff's business also
14  suffered financially as the direct result of Defendants' false factual statements against Plaintiff. As the
15  result of Defendant ROBINSON and Kepel's malicious actions Plaintiff has suffered damages
16  exceeding $1,000,000.00.

17    24.    At all times, ROBINSON'S conduct was extreme and outrageous, using Facebook as a
18  vehicle to extort money and/or services from Plaintiff under threat of making false statement of sexual
19  misconduct and theft, for Defendants' personal financial gain, and to injure Plaintiff emotionally and
20  professionally. Defendants' conduct was so extreme, as it exceeded the bounds of decency, and found
21  to be to be regarded as atrocious, and utterly intolerable in a civilized community.

22    25.    Defendants' actions were outrageous and extreme and caused Plaintiff extreme emotional
23  distress. Plaintiff suffers from depression, fear, nausea, panic attacks, and found to have physical
24  manifestations in his internal organs such as his liver, as the direct and proximate result of Defendants'
25  outrageous conduct. Plaintiff now requires the use of an emotional support animal for the rest of his
26  life as recommended by his therapist.

27    26.    At all times the aforementioned conduct of Debtor/Defendant ROBINSON was willful and
28  malicious, committed with malice, fraud, and oppression.

## FIRST CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTION DISTRESS

### (Denial of Discharge – Willful and Malicious Injury Against

### Defendant ROBINSON and Doe Defendants)

### [11 U.S.C. § 523(a)(6)]

27. Plaintiff hereby incorporates, incorporates and re-alleges paragraphs 1-26 as set forth above.

28. Defendant's ROBINSON'S acts of engaging in conduct including making false public statements of known false facts against Plaintiff concerning sexual misconduct and theft, intended to extort Plaintiff and intended to cause OLIVE personal injury, was extreme and outrageous. Said conduct was expressly made to "destroy" OLIVE'S personal life and career. Such extortion went beyond mere indignancies and were admittedly intended to cause physical and mental anguish.

29. Defendant ROBINSON'S conduct was intended to cause Plaintiff personal injury by and through, not limited to, severe emotional distress.

30. As the direct and proximate result of Defendant ROBINSON'S conduct Plaintiff suffers from extreme emotional distress. Plaintiff suffers from depression, fear, nausea, panic attacks, and found to have physical manifestations in his internal organs such as his liver, as the direct and proximate result of Defendants' outrageous conduct. Plaintiff now requires the use of an emotional support animal for the rest of his life as recommended by his therapist.

31. As the direct and actual result of Defendant ROBINSON'S conduct Plaintiff suffers from extreme emotional distress. Plaintiff suffers from depression, fear, nausea, panic attacks, and found to have physical manifestations in his internal organs such as his liver, as the direct and proximate result of Defendants' outrageous conduct. Plaintiff now requires the use of an emotional support animal for the rest of his life as recommended by his therapist. Plaintiff OLIVE has already incurred substantial medical bills caused by ROBINSON'S admitted willful and malicious conduct intended to destroy OLIVE'S life.

32. As a result of Defendant ROBINSON'S aforementioned conduct, Plaintiff has been damaged in an amount in excess of $1,000,000.00 inclusive of compensatory damages, attorney fees

and costs, and state based interest calculated at 10% per annum.

33. Pursuant to U.S.C. § 523(a)(6), the Court shall except from the Debtor/Defendant discharge any debt:

    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

        (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

34. Plaintiff is informed and thereon believes that as a result of the willful and malicious conduct committed by Debtor/Defendant ROBINSON upon Plaintiff OLIVE, said damages caused by Debtor/Defendant ROBINSON approximating $1,500,000.00 (Declared by Debtor in Section 4.2 of her Petition) inclusive of compensatory, and state based interest calculated at 10% per annum, should be declared exempted from discharge under 11 U.S.C. § 523(a)(6).

**WHEREFORE,** Plaintiff OSCAR prays for judgment under Section 523(a)(6) of the Bankruptcy Code against Debtor/Defendant ROBINSON as follows:

### <u>ON THE FIRST CAUSE OF ACTION</u>

35. That Plaintiff OLIVE claims that total in the amount of $1,500,000.00 against Debtor/Defendant ROBINSON and in favor of Plaintiff set forth in Section 4/2 of the Debtor's Petition be deemed non-dischargeable under Section 523(a)(6) of the Bankruptcy Code, for committing a willful and malicious injury against Plaintiff as set forth above.

36. For all fees and costs as provided under the law; and

37. For all further relief and the Court deems just and proper.

Dated: August 15, 2019        By: _____

                           OSCAR LEE OLIVE, IV.
                           Plaintiff/Creditor
                           In Pro Per

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| OSCAR LEE OLIVE, IV. | HAYLEY MARIE ROBINSON |

| ATTORNEYS (Firm Name, Address, and Telephone No.) Oscar Lee Olive, IV. In Pro Per 101 N. Ocean Dr. Ste 132. Hollywood, FL 33019 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☒ Creditor  ☐ Other  ☐ Trustee | ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor  ☐ Other  ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Intentional infliction of emotional distress caused by Debtor. Plaintiff seeks nondischarge under 11 USC 523(a)(6) of Debt declared by Debtor in her Petition Section 4.2

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et. seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>HAYLEY MARIE ROBINSON | BANKRUPTCY CASE NO.<br>2:19-bk-11724-MLB | |
| DISTRICT IN WHICH CASE IS PENDING<br>WESTERN DISTRICT OF WASHINGTON | DIVISION OFFICE<br>SEATTLE DIVISION | NAME OF JUDGE<br>Hon. Marc Barreca |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>08/15/2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Oscar Lee Olive, IV. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.