Law Offices of Steven C. Hathaway  
P.O. Box 2147  
3811 Consolidation Ave.  
Bellingham, WA 98229  
(360) 676-0529  

Honorable Marc Barreca  
Chapter 7 Proceeding  

UNITED STATES BANKRUPTCY COURT  
WESTERN DISTRICT OF WASHINGTON AT SEATTLE  

In re  
HAYLEY MARIE ROBINSON,  
    *Debtors.*  

OSCAR LEE OLIVE, IV.  
    *Plaintiff,*  

v.  

HAYLEY MARIE ROBINSON,  
    *Defendants.*  

Chapter 7 Proceeding  

Bankruptcy Case No. 19-11724  

Adv. Proc. No. 19-01105  

ANSWER TO COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT AND DENIAL OF DISCHARGE  

**COME NOW** Defendant Hayley Marie Robinson, by and through her attorney Steven C. Hathaway, and shows the court as follows:

Answering Paragraph 1, located below the caption on page 1 of the complaint, Defendant denies she owes the Plaintiff anything.

### JURISDICTION AND VENUE

1. Defendant admit the allegations of paragraph 1 of the Plaintiff's complaint.

2. Defendant admits the allegations of paragraph 2 of Plaintiff's complaint.

3. Defendant admits the allegations of paragraph 3 of the Plaintiff's complaint.

4. Defendant admits the allegations of paragraph 4 of the Plaintiff's complaint.

5. Defendant denies she owes the Plaintiff $1,500,000. Defendant admits the United States District Court action was stayed as the result of her bankruptcy filing. Defendant is

ANSWER TO COMPLAINT

LAW OFFICES OF STEVEN C. HATHAWAY  
3811 CONSOLIDATION AVE.  
BELLINGHAM, WA 98227  
T: (360) 676-0529  
F: (360) 676-0067  

Case 19-01105-MLB    Doc 11    Filed 12/05/19    Ent. 12/05/19 10:01:50    Pg. 1 of 5

1 without knowledge or information sufficient to form a belief as to the truth of whether the Plaintiff will seek relief from the stay.

6. Defendant admits the allegations of paragraph 6 of the Plaintiff's complaint.

## STATEMENT OF STANDING

7. Defendant admits the Plaintiff has standing to bring an adversary proceeding.

## GENERAL ALLEGATIONS

8. Defendant denies the allegations of paragraph 8 of Plaintiff's complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Plaintiff's complaint.

10. Defendant admits the allegations of paragraph 10 of the Plaintiff's complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Plaintiff's complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Plaintiff's complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Plaintiff's complaint.

14. Defendant denies the allegations of paragraph 14 of Plaintiff's complaint.

15. Defendant denies the allegations of paragraph 15 of Plaintiff's complaint.

16. Defendant denies the allegations of paragraph 16 of Plaintiff's complaint.

17. Defendant denies the allegations of paragraph 17 of Plaintiff's complaint.

18. Defendant denies the allegations of paragraph 18 of Plaintiff's complaint.

19. Defendant denies the allegations of paragraph 19 of Plaintiff's complaint.

20. Defendant denies the allegations of paragraph 20 of Plaintiff's complaint.

21. Defendant denies the allegations of paragraph 21 of Plaintiff's complaint.

22. Defendant denies the allegations of paragraph 22 of Plaintiff's complaint.

ANSWER TO COMPLAINT

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVE.
BELLINGHAM, WA 98227
T: (360) 676-0529
F: (360) 676-0067

- 2 -

Case 19-01105-MLB    Doc 11    Filed 12/05/19    Ent. 12/05/19 10:01:50    Pg. 2 of 5

23. Defendant denies the allegations of paragraph 23 of Plaintiff's complaint.

24. Defendant denies the allegations of paragraph 24 of Plaintiff's complaint.

25. Defendant denies the allegations of paragraph 25 of Plaintiff's complaint.

26. Defendant denies the allegations of paragraph 26 of Plaintiff's complaint.

## FIRST CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (11 U.S.C. § 523(a)(6))

27. Defendant repeats the answers set forth in paragraphs 1 through 26 of this answer.

28. Defendant denies the allegations of paragraph 28 of Plaintiff's complaint.

29. Defendant denies the allegations of paragraph 29 of Plaintiff's complaint.

30. Defendant denies the allegations of paragraph 30 of Plaintiff's complaint.

31. Defendant denies the allegations of paragraph 31 of Plaintiff's complaint.

32. Defendant denies the allegations of paragraph 32 of Plaintiff's complaint.

33. The allegations of paragraph 33 of Plaintiff's complaint consist of legal conclusions to which no response is required.

34. Defendant denies the allegations of paragraph 34 of Plaintiff's complaint.

## OTHER ALLEGATIONS

Defendant denies each and every other allegation in Plaintiff's complaint not specifically admitted.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend any of the above answers upon further discovery; to bring further counterclaims, third-party claims, or cross-claims against Plaintiff and any known or unknown defendant upon further discovery; to add, delete or revise any affirmative defense currently pled or to be pled in the future upon further discovery, and; to amend their prayer for relief upon further discovery.

ANSWER TO COMPLAINT

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVE.
BELLINGHAM, WA 98227
T: (360) 676-0529
F: (360) 676-0067

- 3 -

Case 19-01105-MLB    Doc 11    Filed 12/05/19    Ent. 12/05/19 10:01:50    Pg. 3 of 5

## AFFIRMATIVE DEFENSES

<u>First Affirmative Defense</u>. The complaint fails to state a claim upon which relief can be granted.

<u>Second Affirmative Defense</u>. The complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought thereby.

<u>Third Affirmative Defense</u>. Plaintiff may obtain no relief under the complaint by reason of the doctrine of unclean hands.

<u>Fourth Affirmative Defense</u>. Plaintiff has failed to join an indispensable or necessary party to this action and the requested relief should therefore be denied.

<u>Fifth Affirmative Defense</u>. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, and/or activities of Plaintiff, and not the Defendant.

<u>Sixth Affirmative Defense</u>. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, and/or activities of others, and not the Defendant.

<u>Seventh Affirmative Defense</u>. Neither the Complaint, nor any cause of action, states facts sufficient to support a claim or award of attorney's fees, under any legal or equitable theory.

<u>Eighth Affirmative Defense</u>. The Complaint, and its cause(s) of action asserted therein, are vague, uncertain, and ambiguous as to Defendant.

<u>Ninth Affirmative Defense</u>. Defendant expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## PRAYER FOR RELIEF

**WHEREFORE** the Defendant prays that this court:

1. Dismiss the complaint of Plaintiff in its entirety.

ANSWER TO COMPLAINT

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVE.
BELLINGHAM, WA 98227
T: (360) 676-0529
F: (360) 676-0067

- 4 -

Case 19-01105-MLB    Doc 11    Filed 12/05/19    Ent. 12/05/19 10:01:50    Pg. 4 of 5

2. Awarding the Defendant attorney's fees and costs.

3. Awarding Defendant any further relief which is appropriate, equitable or just.

Dated: 12/05/2019  /s/ *Steven C. Hathaway*
Steven C. Hathaway, Attorney for Defendant

ANSWER TO COMPLAINT

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVE.
BELLINGHAM, WA 98227
T: (360) 676-0529
F: (360) 676-0067

- 5 -