**Below is the Order of the Court.**

_____
**Marc Barreca**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: <br><br> HAYLEY MARIE ROBINSON, <br><br> Debtor. | Case No. 19-11724-MLB |
| OSCAR LEE OLIVE, IV, <br><br> Plaintiff. <br><br> v. <br><br> HAYLEY MARIE ROBINSON, <br><br> Defendant. | Adversary No. 19-01105-MLB <br><br> **ORDER SETTING STATUS CONFERENCE ON REMOTE TRIAL PARTICIPATION** |

This matter came before me *sua sponte*. A one-day trial is currently set in the above-referenced adversary proceeding for November 16, 2020. Due to exigent circumstances caused by the continuing outbreak of Coronavirus Disease 2019 (COVID-19), not all participants or witnesses may be able to appear in-person. Having found good cause, now, therefore, it is HEREBY ORDERED that:

1. A status conference will be held on **November 5, 2020 at 1:30p.m.** to determine whether the trial should include remote testimony or participation via video conferencing. *See* Fed. R. Civ. P. 43(a) and Fed. R. Bankr. P. 9017.

2. The parties may file responses, but a responsive pleading is not mandatory.

3. The parties shall appear at the status conference by telephone. For instructions on telephonic appearance, please see my chambers procedures at http://www.wawb.uscourts.gov/.

4. Attached are form orders for discussion at the hearing.

/// END OF ORDER ///

**TO BE SERVED BY THE CLERK ON ANY PRO SE PARTY VIA THE BNC.**

# Attachment 1

**DRAFT-10/26/2020**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| In re:<br>xxxxxxxxx,<br>                Debtor. | Bankruptcy Case No. xx-xxxxx-MLB |
| xxxxxxxxx,<br>                Plaintiffs,<br>  v.<br>xxxxxxxxx,<br>               Defendants. | Adversary No. xx-xxxxx-MLB<br><br>**ORDER ESTABLISHING PROCEDURES FOR TRIAL BY VIDEO CONFERENCE** |

    THIS MATTER came before the Court on hearing pursuant to [blank].  Trial is currently set in the above-referenced case for xxxx xx, 2020.  The Court, having found good cause, will conduct the trial remotely by video conference.  Now, therefore, it is hereby **ORDERED**:

1. **Video Conference.** The above referenced adversary proceeding will take place by video conference using the services of CourtCall Remote Appearance Platform.[1]  Court or CourtCall personnel will contact the participants regarding technological requirements and pre-trial testing of equipment.

---

[1] The dates and deadlines in the Notice of Trial and Order Setting Deadlines (the "Scheduling Order," Dkt. No. xx) shall apply unless they are inconsistent with the express terms of this Order.

2. **Notice of Intent to Participate**. All persons wishing to participate in the trial by video conference or to call witnesses that will testify by video conference shall provide notice by email to Judge Barreca's courtroom deputy, Kim Kelley, no later than seven [This may be adjusted depending on when the order is entered] days preceding the date of trial.[2] Such notice shall include the full name, electronic mail address and a description of the association to the case for all individuals that will appear by video conference using the CourtCall Remote Appearance Platform. The parties are encouraged to limit video conference participation to those who are essential to the presentation of the matter set for trial.

3. **Public Access**. The trial is a public matter. The general public is invited to listen to the trial by telephone. Any person wishing to listen to the trial shall provide notice to Kim Kelley by phone or email.

4. **Recording Prohibited**. No person may record the proceedings from any location by any means. The audio recording maintained by the Court shall be the sole basis for creation of a transcript that constitutes the official record of the trial.

5. **Remote Witness Testimony.** In accordance with Fed. R. Civ. P. 43(a), made applicable by Fed. R. Bankr. P. 9017, the Court has determined that the public danger caused by the continuing outbreak of COVID-19 constitutes good cause and compelling circumstances to allow testimony by contemporaneous transmission from a location other than the courtroom. The Court will administer the oath to each remote witness during the video conference, and it will have the same effect and be binding upon each remote witness in the same manner as if such remote witness was sworn in by the Court in person in open court. As additional safeguards for the allowance of remote testimony, the Court requires as follows: (a) each remote witness to disclose the city, state and country, and type of place (such as home or office), where she or he is located while testifying; (b) no other person shall be permitted to be in the same room with any remote witness unless specifically authorized by the Court; (c) each remote witness shall have with him or her only those documents also provided to the Court for consideration in connection with the matter set for trial and no other documents or data; and (d) no person shall communicate with a witness during his or her testimony, except by direct examination or cross-examination on the record, unless specifically authorized by the Court. The parties and counsel shall ensure that they and each witness have the hardware, software, data bandwidth, and internet access required to testify remotely. Consider steps to establish high-speed internet connection (e.g., if possible, a hard-wired connection is generally preferable to a wireless connection). Limit internet usage by others during the hearing as this may impact connection speed for the hearing.

6. **Exhibits**. All documentary evidence (except those a party seeks to introduce solely for purposes of impeachment) must be submitted to the Court electronically in pdf format in an email to Judge Barreca's courtroom deputy, Kim Kelley, in addition to, and by the same deadline as, the exhibit books provided for in the Scheduling Order. The parties shall provide all witnesses with individual copies of exhibit books or, if mutually agreed upon, with electronic copies of exhibits. Counsel [or a pro se party] shall ensure that the exhibits uploaded and the exhibits produced in hard copy are identical. The witness will not access

---

[2] Kim Kelley can be reached by email at kim_kelley@wawb.uscourts.gov.

the exhibits until instructed by examining counsel. Depositions expected to be used for impeachment or trial testimony shall be delivered to the Court by [xxx xx, 2020]. Rebuttal/impeachment exhibits shall be uploaded via Hightail.com to a Hightail "space" specifically established for this proceeding. An invitation and instructions will be provided to counsel identified pursuant to Paragraph 2 above.

7. **Conduct During Trial**. Although conducted using video conferencing technology, the trial is a court proceeding. The formalities of the courtroom shall be observed. Counsel and witnesses shall dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. Counsel shall conduct themselves in accordance with the requirements stated in Exhibit A.

/// End of Order ///

# Exhibit A

**Professionalism During Evidentiary Hearings or Trial ("Trial")**

1. **Ambient Noise Protocols**

   - When the Court, counsel, or a witness is speaking, please avoid interrupting the speaker.

   - Upon admission to the platform, participants shall mute their microphones and activate microphones when directed by the Court (e.g. a witness shall activate the microphone when testifying as shall the examining and defending attorneys during witness testimony).

   - All participants who are not actively being questioned as a witness, asking questions of a witness, defending a witness, or providing or responding to opening statements, closing arguments, or other arguments, shall maintain their audio on mute to limit potential interruptions. The video hearing host also will have the ability to mute and unmute any participant if needed.

   - Any participants using multiple devices in a single workspace to access the trial should avoid audio feedback issues by, e.g., only using the microphone and speakers on one device at a time or utilizing headphones.

   - To the extent possible, remote trial participants shall conduct themselves in the same way they would if they were physically present in a courtroom. Remote participants shall silence electronic devices other than devices necessary to remote participation, and generally take steps to minimize anything in their remote workspace that would distract from the integrity of the proceedings. The Court understands that conducting trial from one's home, for example, presents many challenges. The Court asks all remote participants to do their best to maintain professionalism in order to conduct a fair and efficient trial.

2. **<u>Objections</u>**

- When an objection is made, the witness shall stop talking and let the Court rule on the objection.

3. **<u>Disconnection</u>**

- In the event that the Court, a party, counsel, a witness, or anyone else necessary to the proceedings becomes disconnected from the remote trial, the trial will stop while the connection is reestablished.
- Counsel must ensure that a witness has an alternative means of communicating with counsel (e.g., a cellphone) in the event of disconnection.

4. **<u>Appropriate Dress</u>**

- Parties, witnesses, and counsel are to dress in the same manner as they would in a live courtroom.

# Attachment 2

**DRAFT-10/26/2020**

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| In re:<br>xxxxxxxxxx,<br>        Debtor. | Bankruptcy Case No. xx-xxxxx-MLB |
| xxxxxxxxxxxxx.,<br>        Plaintiffs.<br>    v.<br>xxxxxxxxxxxxxxx<br>        Defendants. | Adversary No. xx-xxxxxxxx-MLB<br><br>**ORDER ESTABLISHING PROCEDURES FOR TRIAL WITH COVID-19 RELATED RESTRICTIONS** |

THIS MATTER came before the Court on hearing pursuant to [blank]. Trial is currently set in the above-referenced case for xxxx xx, 2020. Due to exigent circumstances caused by the continuing outbreak of COVID-19, the Court finds it necessary to establish the following procedures and restrictions to govern the conduct of attorneys, parties, and witnesses during trial. Now, therefore, it is hereby **ORDERED**:

1. **Trial**. The trial in the above-referenced adversary proceeding will be held on xxxxx xx, 2020 in Judge Barreca's Courtroom, United States Courthouse, 700 Stewart St., Room 7106, Seattle, WA 98101. The dates, deadlines and procedures in the Notice of Trial and Order Setting Deadlines (the "Scheduling Order," Dkt. No. xx) shall apply unless they are inconsistent with the express terms of this Order.

2. **Social Distancing**. Any individual present in the courtroom shall maintain appropriate distancing from others. Only two attorneys for each party may sit at counsel table at any given time. Attorneys shall address the court and interrogate witnesses exclusively from their respective counsel tables where they will have access to a microphone, never from the lectern. An attorney may not approach the witness during examination. All participants should comply with the courthouse's adopted guidelines and restrictions which can be found at https://www.wawd.uscourts.gov/node/614. [Update when bankruptcy court posts its own restrictions and take out district court reference.]

3. **Face Coverings**. All persons in the courtroom are required to wear a face mask or shield unless otherwise directed by the Court. Witnesses shall be allowed to remove their face covering while seated at the witness stand as there will be plexiglass barriers erected to prevent transmission of COVID-19.

4. **Exhibits**. All documentary evidence (except those a party seeks to introduce solely for purposes of impeachment) must be submitted to the Court electronically in pdf format in an email to Judge Barreca's courtroom deputy, Kim Kelley, in addition to, and by the same deadline as, the exhibit books provided for in the Scheduling Order.[3] Unless otherwise ordered by the Court, the parties shall provide sufficient copies of exhibit books so that all witnesses to be called at trial will have their own copy while testifying. [If witnesses have been approved to testify remotely, add the following.] If witnesses are testifying remotely and the parties mutually agree, such witnesses may be provided with electronic copies of exhibits in lieu of exhibit books. Counsel or a pro se party shall ensure that the exhibits uploaded and the exhibits produced in hard copy are identical. The witness will not access the exhibits until instructed by examining counsel. Depositions expected to be used for impeachment or trial testimony shall be delivered to the Court by [xxx xx, 2020]. Rebuttal/impeachment exhibits shall be uploaded via Hightail.com to a Hightail "space" specifically established for this proceeding. An invitation and instructions will be provided to counsel identified pursuant to Paragraph 2 above. [Discuss exhibits at final pretrial and perhaps alter language if inconsistent with this provision.]

5. **Remote Testimony and Participation**. The Court has determined under Fed. R. Civ. P. 43(a), made applicable by Fed. R. Bankr. P. 9017, that certain individuals should be permitted to testify or participate by contemporaneous transmission from a location other than the courtroom. The Court will administer the oath to each remote witness, and it will have the same effect and be binding upon each remote witness in the same manner as if such remote witness was sworn in by the Court in person in open court. As additional safeguards for the allowance of remote testimony, the Court requires as follows: (a) each remote witness to disclose the city, state and country, and type of place (such as home or office), where she or he is located while testifying; (b) no other person shall be permitted to be in the same room with any remote witness unless specifically authorized by the Court; (c) each remote witness shall have with him or her only those documents also provided to the Court for consideration in connection with the matter set for trial and no other documents or data; and (d) no person shall communicate with a witness during his or her testimony, except by direct examination or cross-examination on the record, unless specifically authorized by the Court. The parties and counsel shall ensure that they and each witness have the hardware, software, data bandwidth, and internet access required to testify remotely. Consider steps to establish high-speed internet connection (e.g., if possible, a hard-wired connection is generally preferable to a wireless connection). Limit internet usage by others during the hearing as this may impact connection speed for the hearing.

6. **Video Conference**. For those participants who are approved to participate by video conference, the Court will use the services of CourtCall Remote Appearance Platform. Court

---

[3] Kim Kelley can be reached by email at kim_kelley@wawb.uscourts.gov.

or CourtCall personnel will contact those participants regarding technological requirements and pre-trial testing of equipment.

7. **Telephonic Appearance**. For those participants who are approved to participate by telephone, please refer to the instructions and guidelines regarding telephonic appearance provided below.

8. **Notice of Intent to Participate.** All persons who have been approved to participate in the trial by video conference or to call witnesses that will appear by video conference shall confirm their intent to participate by email to Judge Barreca's courtroom deputy, Kim Kelley, no later than seven [This may be adjusted depending on when the order is entered.] days preceding the date of trial.[4] Such notice shall include the full name and electronic mail address of all individuals who will appear by video conference.

9. **Conduct During Trial**. Although conducted using video conferencing technology, the trial is a court proceeding. The formalities of the courtroom shall be observed. Counsel and witnesses shall dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. Counsel shall conduct themselves in accordance with the requirements stated in Exhibit A.

10. **Public Access**. The trial is a public matter. The general public is invited to listen to the trial by telephone. Any person wishing to listen to the trial should provide notice to Kim Kelley by phone or email. The instructions and guidelines are as follows:

    Instructions

    (1) Dial: 1.888.363.4749

    (2) Enter Access Code: 9365479#

    (3) Press the # sign

    (4) Enter Security Code when prompted: 8574#

    (5) Speak your name when prompted


    Guidelines

    (1) Use a land line phone and not a cell phone, if possible. Do not use a speaker phone.

    (2) Make the call from a quiet area where background noise is minimal.

    (3) Wait until the judge calls your case before speaking.

---

[4] Kim Kelley can be reached by email at kim_kelley@wawb.uscourts.gov.

(4) Do not put the phone on hold at any time after the call is connected.

(5) In the event you are unable to connect to the conference call after following the above procedures, please contact chambers at 206.370.5310.

/// End of Order ///

# Exhibit A

**Professionalism During Evidentiary Hearings or Trial ("Trial")**

1. **Ambient Noise Protocols**

   - When the Court, counsel, or a witness is speaking, please avoid interrupting the speaker.

   - Upon admission to the platform, participants shall mute their microphones and activate microphones when directed by the Court (e.g. a witness shall activate the microphone when testifying as shall the examining and defending attorneys during witness testimony).

   - All participants who are not actively being questioned as a witness, asking questions of a witness, defending a witness, or providing or responding to opening statements, closing arguments, or other arguments, shall maintain their audio on mute to limit potential interruptions. The video hearing host also will have the ability to mute and unmute any participant if needed.

   - Any participants using multiple devices in a single workspace to access the trial should avoid audio feedback issues by, e.g., only using the microphone and speakers on one device at a time or utilizing headphones.

   - To the extent possible, remote trial participants should conduct themselves in the same way they would if they were physically present in a courtroom. Remote participants should silence electronic devices other than devices necessary to remote participation, and generally take steps to minimize anything in their remote workspace that would distract from the integrity of the proceedings. The Court understands that conducting trial from one's home, for example, presents many challenges. The Court asks all remote participants to do their best to maintain professionalism in order to conduct a fair and efficient trial.

2. **<u>Objections</u>**

- When an objection is made, the witness shall stop talking and let the Court rule on the objection.

3. **<u>Disconnection</u>**

- In the event that the Court, a party, counsel, a witness, or anyone else necessary to the proceedings becomes disconnected from the remote trial, the trial will stop while the connection is reestablished.
- Counsel must ensure that a witness has an alternative means of communicating with counsel (e.g., a cellphone) in the event of disconnection.

4. **<u>Appropriate Dress</u>**

- Parties, witnesses, and counsel are to dress in the same manner as they would in a live courtroom.