Law Offices of Steven C. Hathaway
3811 Consolidation Avenue
Bellingham, WA 98229
T. (360) 676-0529
F. (360) 676-0067

Honorable Marc Barreca
Chapter 7
Location: TELEPHONIC
Trial Date: November 16, 2020
Time: 9:30 AM

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| In re | ) | Chapter 7 Proceeding |
| HAYLEY MARIE ROBINSON, | ) | |
|     *Debtor.* | ) | Bankruptcy Case No. 19-11724 |
| | ) | |
| | ) | Adv. Proc. No. 19-01105 |
| OSCAR LEE OLIVE, IV. | ) | |
|     *Plaintiff*, | ) | TRIAL BRIEF OF DEFENDANT |
| | ) | |
|     v. | ) | |
| | ) | |
| HAYLEY MARIE ROBINSON, | ) | |
|     *Defendant.* | ) | |
| | ) | |

On August 20, 2019 Plaintiff filed this adversary proceeding alleging Defendant's conduct caused his termination from the military, loss of income, pension, benefits, and loss of future income exceeding $1,500,000. Plaintiff alleges his claim against Defendant is not dischargeable under *11 U.S.C. § 523(a)(6)*. The allegations in this proceeding are the same as those set forth in two separate lawsuits Plaintiff has filed against Defendant in the United States District Court for the Western District of Washington at Seattle.

## FACTUAL SUMMARY

1. Plaintiff deals in pornography using the alias Lee Richardson, promoting himself as an "internationally published" "Penthouse Photographer."

2. In 2016 the Plaintiff was in the United States Marine Corps ("Marine Corps") stationed in Maryland. The Plaintiff was living off-base in a home he was renting at 3355 Southern

TRIAL BRIEF OF DEFENDANT

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

**PAGE 1**

Case 19-01105-MLB    Doc 47    Filed 11/09/20    Ent. 11/09/20 18:56:33    Pg. 1 of 11

Avenue, Suitland[1], Maryland ("Suitland").

3. In June 2016 Plaintiff hired Defendant Hayley Robinson ("Robinson") and her former boyfriend Justus Kepel ("Kepel") to travel from Bellingham, Washington to Suitland for a photo shoot. Robinson still lives in Bellingham. Kepel lives in Seattle. Plaintiff told Robinson and Kepel his name was Lee Richardson and did not tell them he was in the Marine Corps.

4. On July 3, 2016 model Kiersten Alexandra Klag ("Klag"), Robinson and Kepel were at Plaintiff's home in Suitland. Plaintiff alleges Robinson and Keppel demanded more money from him for the photo session, but that he declined. Plaintiff alleges Robinson and Keppel grew angry and threatened to get even with him.

5. On July 11, 2016 Klag went to the Prince George's County Police Department[2] to report that Plaintiff sexually assaulted her on the night of July 3, 2016. Robinson and Kepel accompanied Klag when she reported the assault and were interviewed by the police. The Prince George's County Police Department referred the matter to the Naval Criminal Investigative Service ("NCIS").[3]

6. On May 1, 2017 Plaintiff's commanding officer advised him that he was recommending Plaintiff be discharged from the Marine Corps for unlawfully providing alcohol to three underage females, unlawfully penetrating the vagina of a 19-year-old female, with both a sex toy and his fingers, while he was drinking and engaged in group sexual activity, and attempting to persuade a potential witness to change her statement that she provided to NCIS regarding the allegation of sexual assault.

7. On May 31, 2017 the Marine Corps appointed an Administrative Discharge Board ("Discharge Board") to consider the charges stemming from the NCIS investigation. The Discharge Board scheduled a hearing for June 22, 2017. The Plaintiff was represented by legal

---

[1] Suitland is an unincorporated community in Prince George's County, Maryland, approximately one mile southeast of Washington, D.C. As of the 2010 census the population was 25,825.
[2] The Prince George's County Police Department is the primary law enforcement agency in Prince George's County, Maryland, servicing a population of over 900,000 residents and visitors within 498 square miles of jurisdiction.
[3] NCIS is the civilian federal law enforcement agency within the Department of Navy that investigates felony-level crimes involving active-duty members serving in the Navy and the Marine Corps, including cases on and off military installations in the U.S. and around the world.

TRIAL BRIEF OF DEFENDANT

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

**PAGE 2**

Case 19-01105-MLB    Doc 47    Filed 11/09/20    Ent. 11/09/20 18:56:33    Pg. 2 of 11

counsel. Robinson and Kepel testified at the hearing.

8. On July 17, 2017 the Discharge Board found "by majority vote that the preponderance of the evidence" proves the acts alleged in "Articles 92 & 120" [4] and recommended Plaintiff be discharged from the Marine Corps under, "other than honorable" conditions.

9. On June 14, 2018 Plaintiff filed a certified complaint against Robinson and Kepel in the United States District Court for the Western District of Washington at Seattle ("District Court"), case number 18-cv-00862-BAT. Plaintiff alleges in the certified complaint that Klag's sexual assault allegations given to the police were false and that the accounts Robinson and Kepel gave to the police and NCIS were false. In the certified complaint the Plaintiff states, despite his denial of the charges, the discharge board found him guilty of the "serious offenses" of sexual assault and orders violation and recommended he be discharged under other than honorable conditions for serious offenses.

10. On July 23, 2018 Plaintiff was discharged from the Marine Corps. His "DD-214"[5] of the same date identifies Plaintiff's character of service as "OTHER THAN HONORABLE CONDITIONS" and the narrative reason for the discharge is "MISCONDUCT (SERIOUS OFFENSE)" ("OTH").[6] Plaintiff did not provide this DD-214 to Defendant in discovery.

11. On May 7, 2019 Robinson filed chapter 7 bankruptcy, listing the Plaintiff's District Court claim as disputed. Robinson's bankruptcy stayed the District Court proceeding.

12. On June 27, 2019 the District Court entered an order of default against Keppel only due to his failure to respond discovery requests and directed the parties to submit briefing and affidavits so that the District Court could determine damages before entering final judgment against Kepel.

13. On September 30, 2019 the District Court entered a default judgment against Kepel,

---

[4] 10 U.S. Code § 892- Art. 92 addresses failure to obey an order or regulation. 10 U.S.C. § 920. Art. 120 addresses rape and sexual assault.
[5] Certificate of Release or Discharge from Active Duty", commonly referred to by its form number, DD Form 214
[6] An OTH is the most severe form of administrative discharge. This type of discharge represents a serious departure from the conduct and performance expected of all military members.
https://www.vetverify.org/javax.faces.resource/images/VOSB-Military-Discharge-Overview.pdf.xhtml?ln=default&v=10.

TRIAL BRIEF OF DEFENDANT

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

**PAGE 3**

Case 19-01105-MLB    Doc 47    Filed 11/09/20    Ent. 11/09/20 18:56:33    Pg. 3 of 11

who was pro se and failed to respond. A default judgment was entered against him in the amount of $10,000. Defendant Kepel was originally represented by an attorney but he withdrew. Robinson was pro se.

14. After being discharged from the Marine Corps the Plaintiff applied to change the character of service on his DD-214."[7] On January 28, 2020 the military issued a revised DD-214 changing Plaintiff's character of service from OTH to "GENERAL (UNDER HONORABLE CONDITIONS). The narrative reason for the discharge remains MISCONDUCT (SERIOUS OFFENSE) with a corresponding separation code of GKQ1[8] and reentry code of RE-4.[9] Plaintiff did not provide this revised DD-214 to Defendant in discovery.

15. On December 10, 2019 counsel served Plaintiff with interrogatories and request for production of all the documents, communications, investigative reports, and other tangible items relating to his discharge from the military. In response to discovery Plaintiff provided just one document titled "Administrative Discharge Board Report: Findings and Recommendations in the Case of Staff Sergeant Oscar L. Olive IV 1275292407/5512 USMC" ("Report, Findings and Recommendations"). Despite repeated requests Plaintiff did not provide any other documents relating to his discharge from the Marine Corps including, without limitation, the charging document, record of board hearing, government exhibits, respondent exhibits or the original DD-214. Plaintiff also did not provide his application to revise his original DD-214 or the July 10, 2020 application for review of Discharge, both of which he has submitted to the court as his trial exhibits.

16. At great time and expense Robinson finally obtained some of Plaintiff's discharge documents from the General Counsel of the Navy, Navy Litigation Office pursuant to court

---

[7] General discharges are given to service members whose performance is satisfactory but is marked by a considerable departure in duty performance and conduct expected of military members. Id.
[8] Marine Administrative Message 0317/09 identifies GKQ1 as the appropriate separation designation code for Sex Offender Discharges. https://www.marines.mil/DesktopModules/ArticleCS/Print.aspx?PortalId=1&ModuleId=542&Article=889500.
[9] When a Servicemember is discharged from military service, they are provided a reenlistment code (RE-Code). The code is used to determine the Servicemember's eligibility for continued service after the most recent termination of their contracted period. Those with a reentry code RE-4 are ineligible to reenlist waivers not authorized and will not be considered. https://www.navycs.com/military-re-codes.html.

TRIAL BRIEF OF DEFENDANT

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

**PAGE 4**

Case 19-01105-MLB    Doc 47    Filed 11/09/20    Ent. 11/09/20 18:56:33    Pg. 4 of 11

order.

17. On March 4, 2020 Plaintiff filed a second complaint against Robinson in District Court, case number 20-cv-00356-JLR. The allegations contained in the second District Court lawsuit are essentially the same as those contained in the first District Court case and the adversary proceeding.

18. The facts at trial will show that any statements Robinson made were true and/or constitute opinions which are protected speech under *First Amendment to the U.S. Constitution, Section 11, Article I, Section 5 of the Washington Constitution* and *Article 40 of the Maryland Constitution*.

19. This action and the two District Court actions were filed for the purpose of suppressing Robinson's freedom of speech and for the improper purpose to harass, cause unnecessary delay, or needlessly increase the cost of litigation in violation of Federal Rule of Civil Procedure 11 and Federal Rules of Bankruptcy Procedure 9011.

## ANALYSIS

Only certain narrowly construed exceptions, displaying some level of culpability, are excepted from discharge by Congress in 11 U.S.C. § 523. *In re Martin, 161 B.R. 672 (9th Cir. BAP 1993)*. The purpose of the nondischargeability section in general was to remove from the debtor's capacity to discharge certain classes of debts arising from practices Congress deemed so pernicious that bankruptcy should not be able to insulate the debtor from their payment *In re Hudson, 859 F.2d 1418, 1423 (9th Cir.1988)*.

One of the fundamental policies of the Bankruptcy Code is the fresh start afforded debtors through the discharge of their debts. *In re Devers, 759 F.2d 751, 754-55 (9th Cir.1985)*. In order to effectuate the fresh start policy it is well established that the limits on dischargeability of debts contained in 11 U.S.C. § 523 should be strictly construed against an objecting creditor and in favor of the debtor. *In re Klapp, 706 F.2d 998, 999 (9th Cir.1983)*. An exception to discharge impairs the debtor's fresh start and should not be read more broadly than necessary to effectuate policy, e.g.

TRIAL BRIEF OF DEFENDANT

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

**PAGE 5**

Case 19-01105-MLB    Doc 47    Filed 11/09/20    Ent. 11/09/20 18:56:33    Pg. 5 of 11

preventing debtors from avoiding debts incurred as a result of fraud or other culpable conduct. *In re Ellwanger, 105 B.R 551, 556 (9th Cir. BAP 1989).*

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### WILLFUL AND MALICIOUS INJURY 11 U.S.C. § 523(A)(6)

Plaintiff alleges Robinson falsely claimed on Facebook that Plaintiff had committed sexual assault and theft (ECF 1, ¶16); that the false claims of sexual misconduct and theft were intended to injure him (ECF 1, ¶21); that the statements were seen by his employer, caused his termination, loss of income, pension, benefits, and loss of future income (ECF 1, ¶23); that the statements spread throughout the photographic community and caused him to lose business in his secondary career (ECF 1, ¶23); that the statements caused him extreme emotional distress in the form of depression, fear, nausea, panic attacks, with physical manifestations in his internal organs; that he now requires the use of an emotional support animal for the rest of his life (ECF 1, ¶25); that he has incurred medical bills (ECF 1, ¶31), and; that he has been damaged in the approximate amount of $1,500,000 which are non-dischargeable pursuant to *11 U.S.C. § 523(a)(6)*.

(a) <u>DEFAMATION</u>.

The elements of a cause of action for defamation in Washington are (1) a false statement; (2) lack of privilege; (3) fault; and (4) damages. *Herron v. KING Broadcasting Co., 112 Wash.2d 762, 768, 776 P.2d 98 (1989).* To establish the falsity element, the plaintiff must show the challenged statement was "provably false." *Schmalenberg v. Tacoma News, Inc., 87 Wash.App. 579, 590–91, 943 P.2d 350 (1997).* "Expressions of opinion are protected by the First Amendment" and are "not actionable." *Robel v. Roundup Corp., 148 Wash.2d 35, 55, 59 P.3d 611 (2002) (quoting Camer v. Seattle Post–Intelligencer, 45 Wash.App. 29, 39, 723 P.2d 1195 (1986)).*

TRIAL BRIEF OF DEFENDANT

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

**PAGE 6**

Case 19-01105-MLB    Doc 47    Filed 11/09/20    Ent. 11/09/20 18:56:33    Pg. 6 of 11

In this case the Plaintiff was discharged from the Marine Corps when the Discharge Board found "by majority vote that the preponderance of the evidence" established he committed sexual assault and orders violations. The Plaintiff admitted to this in the certified complaint he filed against Robinson and Kepel in the District Court, case number 18-cv-00862-BAT, wherein he states the discharge board found him guilty of the "serious offenses" of sexual assault and orders violation and recommended he be discharged under other than honorable conditions for serious offenses.

Plaintiff cannot establish the falsity element of defamation which requires that the challenged statement be "provably false." The statements Robinson made were true and/or constitute opinions which are protected speech and not actionable under *First Amendment to the U.S. Constitution, Section 11, Article I, Section 5 of the Washington Constitution* and *Article 40 of the Maryland Constitution*.

Any damages suffered by Plaintiff because of his discharge from the Marine Corps, or otherwise, are the result of his own conduct, acts and omissions, not those of Robinson.

Any loss of business Plaintiff may have suffered in his secondary career as a photographer is likewise the result of his own conduct, acts and omissions, not those of Robinson.

Any medical bills Plaintiff may have incurred are the result of his own conduct, acts and omissions, not those of Robinson.

Even if the Plaintiff was damaged, there is no credible evidence of what the damages are, the amount of those damages, or that they were proximately caused by Robinson. Plaintiff has submitted no evidence regarding his loss of pension, business records or medical records, and does not have an expert testifying as to the alleged damages or that they stem from Robinson's actions.

TRIAL BRIEF OF DEFENDANT

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

**PAGE 7**

Case 19-01105-MLB    Doc 47    Filed 11/09/20    Ent. 11/09/20 18:56:33    Pg. 7 of 11

### (b) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

The tort of outrage is also known as intentional infliction of emotional distress. *Kloepfel v. Bokor*, 149 Wn.2d 192, 194, 66 P.3d 630 (2003). To prevail on a claim of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) the plaintiff actually suffers severe emotional distress. *Kloepfel*, 149 Wn.2d at 195. Each element must be established. *Id*.

Extreme and outrageous conduct must be conduct that is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Grange Ins. Ass'n v. Roberts*, 179 Wn. App. 739, 753-54, 320 P.3d 77 (2013) (footnote omitted) (quoting Reid, 136 Wn.2d at 202), *review denied 180 Wn.2d 1026 (2014)*. The conduct must be more than insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Kirby v. City of Tacoma*, 124 Wn. App. 454, 474, 98 P.3d 827 (2004), *review denied, 154 Wn.2d 1007 (2005)*.

Again, in this case, statements Robinson may have made were either true and/or constitute opinions. There is no credible evidence Robinson's statements are "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." The fact the Plaintiff does not like comments Robinson may have made is not actionable under the law. All statements by Robinson are either true and/or are opinions, or they are mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities which are not actionable.

Any damages the Plaintiff may have suffered were caused by his own conduct, acts and omissions, not those of Robinson. There is no credible evidence Plaintiff suffers emotional distress or needs a support dog.

TRIAL BRIEF OF DEFENDANT

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

**PAGE 8**

Case 19-01105-MLB    Doc 47    Filed 11/09/20    Ent. 11/09/20 18:56:33    Pg. 8 of 11

### (c) WILLFUL AND MALICIOUS INJURY.

Section 523(a)(6) of the Bankruptcy Code provides:

(a) A discharge.... does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

*11 U.S.C. § 523(a)(6).*

Debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6). *Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974 (1998).*

In this case Robinson's statements were not willful or malicious. They were not reckless or negligent. They were either true or constitute opinions.

### FACTUAL CAUSATION

In the typical non-defamation negligence case, it is necessary to show factual causation. Specifically, it is necessary to prove that the plaintiff's damages would not have occurred but for the defendant's wrongful conduct. At least three Washington cases demonstrate that the same idea applies in a defamation case, regardless of the type of fault that must be proved. They are *Mark v. Seattle Times, 96 Wash.2d at 476, 635 P.2d 1081, Herron v. KING Broadcasting Company, 112 Wash.2d 762, 776 P.2d 98*, and *Caruso v. Local Union No. 690. 107 Wash.2d at 526, 730 P.2d 1299. Schmalenberg v. Tacoma News, Inc., 87 Wn.App. 579, 943 P.2d 350, (Div. 2 1997).*

At common law, strict liability existed for defamation so long as the plaintiff demonstrated that the statements complained of were (1) false, (2) defamatory, and (3) published. The defendant, however, could raise two affirmative defenses: truth or privilege. See

TRIAL BRIEF OF DEFENDANT

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

**PAGE 9**

Case 19-01105-MLB    Doc 47    Filed 11/09/20    Ent. 11/09/20 18:56:33    Pg. 9 of 11

*W. Prosser, Torts ch. 19 (4th ed. 1971).* The burden was on the defendant to establish truth, but if proved, it was a complete defense. *Mark v. Seattle Times, 96 Wn.2d 473, 635 P.2d 1081, (1981).*

In this case Plaintiff cannot prove that his alleged damages would not have occurred but for Robinson's wrongful conduct. There is no wrongful conduct. Any statements Robinson made were either true and/or are opinions, or they are mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities which are not actionable. Plaintiff has admitted he was discharged from the Marine Corps for sexual assault. His original DD-214 and revised DD-214 confirm this. Plaintiff's discharge from the Marine Corps is because of his actions, not those of Robinson. If Plaintiff was damaged by being discharged from the Marine Corps, it is his own fault. If Plaintiff was damaged in his secondary career as a photographer, it is likewise the result of his own conduct.

There is no credible evidence Robinson's statements were not true or anything other than opinions, insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The fact the Plaintiff may not like certain comments Robinson may have made about him does not entitle him to damages. He cannot prove he suffered damages, the amount of damages or that were proximately caused by Robinson.

The federal court rules provide, in part, that the signature of a pro se party constitutes a certificate by the party that the party has read the document; that to the best of the party's knowledge, information, and belief there is good ground to support it; and that it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. *Federal Rule of Civil Procedure 11(a) and (b).* If, after notice and a reasonable opportunity to respond, the court determines that *Rule 11(b)* has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the

TRIAL BRIEF OF DEFENDANT

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

**PAGE 10**

Case 19-01105-MLB    Doc 47    Filed 11/09/20    Ent. 11/09/20 18:56:33    Pg. 10 of 11

rule or is responsible for the violation. Federal Rule of Civil Procedure 11(c).

Plaintiff's lawsuits against Robinson are meritless and frivolous. They were filed for the purpose of suppressing Robinson's freedom of speech and for the improper purpose to harass, cause unnecessary delay, or needlessly increase the cost of litigation in violation of *Federal Rule of Civil Procedure 11* and *Federal Rules of Bankruptcy Procedure 9011*.

## CONCLUSION

The Plaintiff cannot meet his burden in this matter and his attempt to deny discharge should be denied.

*Date*: 11/09/2020    /s/ *Steven Hathaway*
                     Steven Hathaway, Attorney for Plaintiff

## DECLARATION OF MAILING

THE UNDERSIGNED CERTIFIES UNDER PENALTY OF PERJURY THAT ON 11/09/2020 THE UNDERSIGNED CAUSED TO BE DELIVERED EITHER BY FIRST CLASS MAIL, LEGAL MESSENGER OR ELECTRONICALLY A COPY OF THIS TRIAL BRIEF OF DEFENDANT TO THE PLAINTIFF, OSCAR LEE OLIVE, IV AT 101 N. OCEAN DR., STE. 132, HOLLYWOOD, FL 33019 AND EMAIL: OSCAR.L.OLIVE@GMAIL.COM.

*Date*: 11/09/2020    /s/ *Steven Hathaway*
                     Steven Hathaway, Attorney for Defendant

TRIAL BRIEF OF DEFENDANT

LAW OFFICES OF STEVEN C. HATHAWAY
3811 CONSOLIDATION AVENUE
BELLINGHAM, WA 98229
PHONE(360) 676-0529
FAX (360) 676-0067

**PAGE 11**

Case 19-01105-MLB    Doc 47    Filed 11/09/20    Ent. 11/09/20 18:56:33    Pg. 11 of 11